362 July 30, 2025 No. 700

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RACHAEL RAE LYNN GONZALEZ,
*Defendant-Appellant.*

Lincoln County Circuit Court
22CR25898; A180864

Amanda R. Benjamin, Judge.

Argued and submitted October 15, 2024.

Anna R. Johnson, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Erica L. Herb, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

HELLMAN, J.

Affirmed.

_____

* Lagesen, Chief Judge *vice* Mooney, Senior Judge

**HELLMAN, J.**

Defendant appeals a judgment of conviction, entered after a conditional guilty plea, for one count of driving under the influence of intoxicants, ORS 813.010(4) (DUII). In a single assignment of error, defendant argues that the trial court erred in denying her motion to suppress evidence.

> "We review a trial court's denial of a motion to suppress for legal error, and we are bound by the trial court's factual findings if there is any constitutionally sufficient evidence in the record to support them. When the trial court did not make express factual findings, and there is evidence from which the trial court could have found a fact in more than one way, we will presume that the trial court decided the facts consistently with its legal conclusion."

*State v. Iams*, 336 Or App 830, 832, 562 P3d 625 (2024) (internal quotation marks and citation omitted).

Defendant was charged with DUII after she drove her vehicle onto the shoulder of a highway, causing it to flip. Prior to trial, defendant moved to suppress statements that she had made to police and results of any field sobriety tests (FSTs), arguing that she "did not consent to perform those tests." After a suppression hearing, the trial court issued an opinion and order denying defendant's motion. The trial court determined "that the defendant voluntarily consented to perform field sobriety tests" and reasoned:

> "When [the trooper] approached her again he asked if she felt ok to stand, she then complied voluntarily. She was again given the opportunity to break contact with the trooper to go with paramedics before she continued to participate in the first field sobriety test. Only the first test was performed before a Miranda warning was given."

Defendant then entered a conditional guilty plea, and this appeal followed.

On appeal, defendant contends that the court erred in denying her motion to suppress evidence because she "did not voluntarily consent to perform FSTs" and because the trooper "did not have sufficient probable cause to compel defendant to complete FSTs." Because it is dispositive, we begin with defendant's argument that she did not voluntarily

consent to the FSTs but rather "merely acquiesced to [the trooper's] authority."

"A warrantless search by the police is reasonable under Article I, section 9, [of the Oregon Constitution] when the search falls into one or another of the recognized exceptions to the warrant requirement. One such exception is *consent.*" *State v. Paulson*, 313 Or 346, 351, 833 P2d 1278 (1992) (internal quotation marks and citation omitted; emphasis in original). Under that exception, "the state must prove by a preponderance of the evidence that defendant voluntarily consented to perform [FSTs]." *State v. Finney*, 154 Or App 166, 171, 961 P2d 256 (1998). "In assessing the voluntariness of the consent, we examine the totality of the circumstances to determine whether defendant's consent was given by an act of free will or was the result of coercion, express or implied." *Id.* at 172 (internal quotation marks omitted). "Simply acquiescing in an officer's exercise of authority does not constitute consent." *Id.* at 171.

"Viewing the facts consistently with the court's express and implicit findings," we conclude that "the totality of the circumstances establishes that defendant's consent was freely and voluntarily given." *Iams*, 336 Or App at 841. Here, the trial court admitted into evidence body camera video from both the trooper and a deputy who responded to the crash. Those videos showed that, after the trooper initially contacted defendant, he spoke to medical personnel and to defendant's boyfriend. After defendant repeatedly declined medical attention, the trooper spoke to defendant again, and the following exchange occurred:

"[THE TROOPER]:  Okay, now I want you to look at me, okay. Now you had one beer today?

"[DEFENDANT]:  Uh-huh.

"[THE TROOPER]:  Okay. Are you feeling any sort of any pain in your—any pain in your, you know any pain at all—

"[DEFENDANT]:  No.

"[THE TROOPER]:  —any dizziness? Okay.

"[DEFENDANT]:  (nods no)

"[THE TROOPER]:   Okay. So, I just want to check for impairment because you said you had one beer, and from what've heard from the witnesses and you kind of swerved off the road. Can we be done with that cigarette; if you need to take one last drag, I understand.

"[DEFENDANT]:   Yeah.

"[THE TROOPER]:   Okay. Let me know when you're ready, okay.

"[DEFENDANT]:   Okay. What do need from me?

"[THE TROOPER]:   Okay, so what I want you to do is I'll have you put that cigarette out after you take a drag."

The trooper then administered the horizontal gaze nystagmus (HGN) test. According to the trooper, defendant was "cooperative with everything [he] was asking" and did not decline to perform the test or "stop[]." After defendant completed the test, the trooper conferred with the deputy and provided defendant the *Miranda* warnings. The trooper then asked defendant, "Having just been in an accident, do you feel like you are physically capable of conducting any physical tests?" Defendant's response was inaudible. Defendant then repeated the HGN test and performed additional FSTs.

We conclude that "[t]here was nothing coercive about the encounter." *Iams*, 336 Or App at 841. Defendant had repeatedly declined medical attention, was "cooperative," and "the encounter occurred openly" on the side of the highway, "not in a confining environment." *Id.* at 842. "There simply was no coercion or compulsion, express or implied, in [the trooper's] request," *State v. Maddux,* 144 Or App 34, 41, 925 P2d 124 (1996), or "evidence that the surrounding circumstances influenced defendant's decision to consent to perform the tests." *Finney*, 154 Or App at 175.

Seeking a different result, defendant points to the initial exchange that she had with the trooper. Specifically, defendant argues that, when the trooper initially stated that he wanted to "check [her] eyes," defendant responded that she "[didn't] want to do anything that [she didn't] have to do." Consequently, defendant contends that their second exchange, quoted above, demonstrates that the trooper was "persist[ent] about checking for impairment," that defendant

"had no choice but to comply with [the trooper's] directives," and that "[h]is phrasing left no room for defendant to give a negative response." We reject those arguments. The trooper "was under no obligation to advise defendant that [she] could decline the request to perform field sobriety tests. There is nothing in the * * * record that supports any conclusion other than that [the trooper's] words to defendant were phrased as a simple request, not as an order, command or directive." *Maddux,* 144 Or App at 40-41. Therefore, we conclude that defendant voluntarily consented to the FSTs. *See Iams*, 336 Or App at 841 (so concluding).

Because we conclude that defendant voluntarily consented to the FSTs, we need not reach defendant's argument that the trooper lacked probable cause to order her to perform the tests. The trial court did not err in denying defendant's motion to suppress.

Affirmed.